

**Reetuparna Dutta**
Partner
Direct Dial: 716.848.1626
rdutta@hodgsonruss.com

January 22, 2021

<u>Via E-Mail and CM/ECF</u>

Hon. Michael J. Roemer
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Dear Judge Roemer:

      Re:   <u>*Charles Shi v. Moog Inc., et al.*</u>
              <u>Civil Action No. 19-cv-00339-LJV</u>

      We are counsel to defendant Moog Inc. ("Moog") and write pursuant to L.R. 7(a)(6) to request the Court's permission to file a short sur-reply brief in connection with Charles Shi's ("Shi") pending motion to dismiss Moog's counterclaims. Dkt. 54. Shi's reply brief (Dkt. 58) contains new arguments that were not raised in his initial motion papers.

      Specifically, in Shi's initial motion to dismiss, he argued Moog's breach of contract counterclaims should be dismissed for: (1) failing to identify specific contract terms that were breached; (2) failing to allege that Moog was an intended third-party beneficiary; and (3) alleging breaches in a separate Department of Labor proceeding that did not constitute actionable breaches of contract. *See* Dkt. 54. Shi also argued that Moog's conversion counterclaim should be dismissed because it was based on the same facts as the breach of contract counterclaims. *Id.*

      Moog opposed the motion, arguing first that Shi's reliance upon New York law was improper. *See* Dkt. 57. Second, even if New York law controlled, Shi's motion should be denied because: (1) Moog's counterclaims were sufficiently plead; (2) Moog properly established it was a third-party beneficiary; (3) Shi's arguments regarding the Department of Labor proceedings were inaccurate; and (4) Moog's conversion counterclaim was adequately plead. *Id.*

      Then, in Shi's reply papers, he identified a new argument — Moog allegedly misstates and mischaracterizes the language in the Severance Agreement between Shi and Moog Shanghai. *See* Dkt. 58, at 5-6. This new argument was available to Shi when he first filed his motion to dismiss because this agreement was filed on June 20, 2019 at Dkt. 19-6. So, raising this argument on reply was impermissible and improper. *Jiles v. Rochester Genesee Reg'l Transp. Auth.*, 317 F. Supp. 3d 695, 701 (W.D.N.Y. 2018) ("courts should not consider

Hon. Michael J. Roemer
January 22, 2021
Page 2



arguments first raised in a party's reply brief which afford no opportunity for response from the opposing party"); *NewLook Party Ltd. v. Louise Paris Ltd.*, 2012 WL 251976, at *4 n.4 (S.D.N.Y. Jan. 11, 2012) (new evidence on reply "was not submitted in response to any new issues raised by defendants" but instead went "to the heart of plaintiff's contention and should have been submitted with its opening brief in order to give defendants an opportunity to respond").

       Accordingly, Moog respectfully requests that the Court refuse to consider those portions of Shi's reply papers that introduce new arguments or, alternatively, grant Moog permission to file a three-page sur-reply memorandum in response. If the Court would prefer to keep the current hearing date of January 29, 2021, Moog will be prepared to file the sur-reply as early as Monday, if the Court orders. I asked Mr. Stallings, counsel for Shi, whether he would consent to allowing Moog to file a sur reply, and he refused.

       Respectfully submitted,

       *Reetuparna Dutta*

       Reetuparna Dutta

RED:anr

cc:    Stephen S. Stallings, Esq.
       Robert J. Lane, Jr., Esq.
       William Ciszewski, Esq.
       *Via E-Mail and CM/ECF*